IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JILL WOLHUTER,
an individual, and
CHRISTINE HERENDEEN,
Trustee for the Estate of Jill Wolhuter

Case No.:

     Plaintiffs,

v.

CARRINGTON MORTGAGE
SERVICES, LLC,
a foreign limited liability company, and
BANK OF AMERICA, N.A.,
a national association,

     Defendants.

_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, JILL WOLHUTER (hereinafter, "Plaintiff Wolhuter")
and Christine Herendeen, Trustee for the Estate of Jill Wolhuter (hereinafter, "Plaintiff
Herendeen") (hereinafter collectively, "Plaintiffs"), by and through the undersigned
counsel, and sue Defendants, CARRINGTON MORTGAGE SERVICES, LLC
(hereinafter, "CMS") and BANK OR AMERICA, N.A. (hereinafter, "BOA") (hereinafter
collectively, "Defendants").  In support thereof, Plaintiffs allege:

## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendants'
violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida
Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United
States Code, Section 227 *et seq.* (hereinafter, the "TCPA"), the Fair Debt Collection

1

Practices Act, 15 United States Code, Section 1692a, *et seq*. (hereinafter, the "FDCPA"), and for declaratory judgment and injunctive relief in equity.

## JURISDICTION AND VENUE

1.      This is an action for damages that exceeds $15,000.00, exclusive of attorneys' fees and costs.

2.      Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 559.77 and 26.012, 15 United States Code, Section 1692k(d), as well as 47 United States Code, Section 227(b)(3).

3.      At all material times herein, the conduct of Defendants, complained of below, occurred in Pinellas County, Florida.

4.      At all material times herein, Plaintiff Wolhuter is an individual residing in Pinellas County, Florida.

5.      Plaintiff Herendeen is the Trustee for the Estate of Plaintiff Wolhuter.

6.      Defendant CMS is a foreign limited liability company existing under the laws of the State of Delaware that, itself and through its subsidiaries, regularly collects the debts owed by consumers in Pinellas County, Florida.

7.      Defendant BOA is a national bank that, itself and through its subsidiaries, regularly extends credit to consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

8.      At all material times herein, Defendant BOA is a "creditor" as defined by Florida Statute Section 559.55(3).

9.      At all material times herein, Defendant CMS is a "debt collector" as defined by 15 United States Code, Section 1692a(6), and Florida Statutes, Section 559.55(6).

2

10. Defendant CMS uses interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another. Defendant CMS is also an entity who regularly collects or attempts to directly or indirectly collect debts owed or due, or asserted to be owed or due, another.

11. At all material times herein, Defendants attempt to collect a debt, specifically a consumer mortgage loan on a piece of real property located at 2818 60th Street N., St. Petersburg, FL 33710, and referenced by account number ending in -3751 (hereinafter, "Debt").

12. At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

13. At all material times herein, the Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

14. At all material times herein, Defendants' conduct, with regard to the Debt complained of below,, qualifies as "communication" as defined by Florida Statutes, Section 559.55 and 15 U.S.C., Section 1692a(2).

15. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

16. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendants.

## FACTUAL ALLEGATIONS

17. Defendant CMS's telephone calls as more specifically alleged below, were

3

made to Plaintiff Wolhuter's cellular telephone number 727.871.1868 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS") or an artificial or pre-recorded voice (hereinafter, "APV") and were made in willful and knowing violation of the TCPA.

18.     Plaintiff Wolhuter is the owner, regular user, and possessor of the Cellular Telephone with the assigned number 727.871.1868.

19.     On or about August 10, 2012, Defendant BOA filed a mortgage foreclosure lawsuit against Plaintiff Wolhuter in Pinellas County, Florida, referenced by case number 12-009874-CI (hereinafter, "Foreclosure Case").

20.     On or about August 29, 2012, Plaintiff Wolhuter retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") to represent her with regard to the Debt.

21.     On or about September 12, 2012, Undersigned Counsel filed a *Notice of Appearance and Designation of Electronic Mail Addresses* (hereinafter, "Notice") in the Foreclosure Case.   Please see attached a true and correct copy of said Notice of Appearance labeled as Exhibit "A1-A2."

22.     The Notice gave actual knowledge to Defendant BOA of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to the Debt and provided Undersigned Counsel's contact information.

23.     On or before March, 2013, Defendant BOA turned the Debt over to Defendant CMS for servicing, collection, or both, at which time Defendant BOA advised Defendant CMS of the Foreclosure Case, advised of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to the Debt, and provided Undersigned Counsel's contact information.

4

24.     All of the below-referenced communications between Defendants and Plaintiff Wolhuter were made despite having received actual knowledge of the Foreclosure Case, actual knowledge of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to the Debt, and possessing Undersigned Counsel's contact information.

25.     Additionally, all actions by Defendant CMS to collect the Debt constitute indirect attempts by Defendant BOA to collect the Debt directly from Plaintiff Wolhuter.

26.     From approximately March 2013 to the present, Defendant CMS called Plaintiff Wolhuter's Cellular Telephone approximately two (2) times per week using an ATDS or APV.

27.     The aforementioned alleged calls were placed in an attempt to collect the Debt.

28.     At no time herein did Defendant CMS possess Plaintiff Wolhuter's prior express consent to call her Cellular Telephone using an ATDS or APV in its attempts to collect the Debt.

29.     Further, if Defendant CMS asserts it did have such prior express consent, such consent was revoked when Defendants received notice that Plaintiff Wolhuter was represented by Undersigned Counsel with regard to the Debt.

30.     On or about April 18, 2013, Defendant CMS sent Plaintiff Wolhuter a mortgage statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said mortgage statement labeled as Exhibit "B1-B2."

31.     On or about May 18, 2013, Defendant CMS sent Plaintiff Wolhuter a mortgage statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said mortgage statement labeled as Exhibit "C1-C2."

5

32.     On or about June 18, 2013, Defendant CMS sent Plaintiff Wolhuter a mortgage statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said mortgage statement labeled as Exhibit "D1-D2."

33.     On or about July 18, 2013, Defendant CMS sent Plaintiff Wolhuter a mortgage statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said mortgage statement labeled as Exhibit "E1-E2."

34.     On or about August 7, 2013, at approximately 7:24 p.m. EST, Defendant CMS called Plaintiff Wolhuter's mother in its attempts to collect the Debt.

35.     On the immediately-aforementioned call, Defendant CMS advised Plaintiff Wolhuter's mother that Plaintiff Wolhuter owed the Debt, advised that the Debt was in default, requested contact information from Plaintiff Wolhuter, and requested Plaintiff Wolhuter to return Defendant CMS's call at telephone number 877.267.2451, extension 75039.

36.     On or about August 19, 2013, Defendant CMS sent Plaintiff Wolhuter a mortgage statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said mortgage statement labeled as Exhibit "F1-F2."

37.     On or about May 8, 2014, Defendant CMS sent Plaintiff Wolhuter a letter in an attempt to collect the Debt.  Please see attached a true and correct copy of said letter labeled as Exhibit "G1-G4".

38.     On or about May 19, 2014, Defendant CMS sent Plaintiff Wolhuter a mortgage statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said mortgage statement labeled as Exhibit "H1-H4."

39.     On or about July 18, 2014, Defendant CMS sent Plaintiff Wolhuter a letter in an attempt to collect the Debt.  Please see attached a true and correct copy of said letter

labeled as Exhibit "I1-I2."

40.     On or about August 22, 2014, Defendant CMS sent Plaintiff Wolhuter a letter in an attempt to collect the Debt.  Please see attached a true and correct copy of said letter labeled as Exhibit "J1-J3."

41.     Despite having been repeatedly advised Defendants of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to the Debt, Defendants continue to attempt to collect the Debt directly from Plaintiff Wolhuter in violation of the FCCPA, FDCPA, and TCPA.

42.     Defendants' conduct, as described above, are knowing, willful, and continuing violations of Plaintiff Wolhuter's rights, as enumerated under Federal and State law.

43.     Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt directly from Plaintiff Wolhuter in violation of said debt collection laws, Plaintiff Wolhuter has no adequate remedy at law.

44.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages against each Defendant per independent, temporally displaced violation, plus actual damages, punitive damages, injunctive relief, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendants.

45.     Plaintiff Wolhuter has retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff Wolhuter is obligated to pay her attorneys a reasonable fee for their services.

46.     On or about September 19, 2014, on behalf of Plaintiff Wolhuter, Undersigned Counsel filed with the United States Bankruptcy Court, Middle District of

7

Florida, Tampa Division, an Application to Employ Special Counsel for permission to be employed as special counsel to pursue the above allegations on behalf of the Plaintiff Wolhuter's bankruptcy estate, as well as on behalf of Plaintiff Wolhuter herself.

47.    On or about September 23, 2014, United States Bankruptcy Judge Michael G. Williamson signed, and the Clerk of Court entered, an Order Appointing Special Counsel.  Please see said Order attached and labeled Exhibit "K1-K2."

48.    Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees, and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendants.

49.    United States Code, Title 15, Section 1692k provides for the award of $1,000.00 statutory damages, actual damages, an award of attorneys' fees, and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendant CMS.

50.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any ATDS or an APV to Plaintiff Wolhuter's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

51.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any ATDS or APV to Plaintiff Wolhuter's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

52.    Plaintiff Wolhuter has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics on each and every call made to Plaintiff Wolhuter.    Plaintiff Wolhuter asserts, however, that the above-

8

referenced calls are but a sub-set of the calls made in violation of the FCCPA, FDCPA, and TCPA. Further, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiff Wolhuter.

53.    At all material times herein, it would have been possible for Defendants to avoid violating the terms of the TCPA.

54.    At all material times herein, Defendant did not have Plaintiff Wolhuter's prior express consent to use an ATDS or an APV when calling Plaintiff Wolhuter's Cellular Telephone.

55.    Upon information and belief, based upon the aforementioned allegations, Plaintiff Wolhuter believes that Defendants' telephone calls made to Plaintiff Wolhuter's Cellular Telephone using an ATDS or an APV were made in willful and knowing violation of the TCPA.

**COUNT ONE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiffs re-allege paragraphs one (1) through fifty-five (55) as if fully restated herein and further state as follows:

56.    Defendants are each subject to, and have each violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff Wolhuter through means which can reasonably be expected to abuse or harass Plaintiff Wolhuter.

57.    Specifically, despite having knowledge of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to the Debt and Undersigned Counsel's contact information from the Notice, Defendant CMS, on Defendant BOA's behalf, sent *at least* five (5) individual mortgage statements in an attempt collect the Debt.

9

58.     Additionally, the immediately above mentioned mortgage statements were an indirect attempt by Defendant BOA to collect the Debt directly from Plaintiff Wolhuter.

59.     Further, from about March 2013 to the present, Defendant CMS, on Defendant BOA's behalf, placed approximately two (2) calls per week using an ATDS or APV to Plaintiff Wolhuter's Cellular Telephone.

60.     Defendants never possessed Plaintiff Wolhuter's prior express consent to call her Cellular Telephone using an ATDS or APV.

61.     Furthermore, Defendant CMS, on Defendant BOA's behalf, called Plaintiff Wolhuter's mother in its attempts to collect the Debt.  On said call, Defendant CMS disclosed private information regarding the Debt and Plaintiff Wolhuter's owing of said Debt.

62.     All of the above-referenced actions by Defendants were taken in an attempt to abuse and harass Plaintiff Wolhuter into paying the Debt.

63.     Defendants' willful and flagrant violation of, *inter alia*, the FCCPA as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes Section 559.72(7).

64.     As a direct and proximate result of Defendants' actions, Plaintiff Wolhuter has sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiffs re-allege paragraphs one (1) through fifty-five (55) as if fully restated herein and further state as follows:

10

65.     Defendants are each subject to, and have each violated the provisions of,
Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with
Plaintiff Wolhuter after receiving actual notice that Plaintiff Wolhuter was represented by
legal counsel with regard to the underlying Debt.

66.     Specifically, despite having knowledge of the Foreclosure Case, actual
knowledge of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to
the Debt, and possessing Undersigned Counsel's contact information, Defendant CMS,
on Defendant BOA's behalf, and with Defendant BOA's knowledge and consent, sent *at
least* five (5) individual mortgage statements in its attempts to collect the Debt.

67.     Additionally, despite having knowledge of the Foreclosure Case, actual
knowledge of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to
the Debt, and possessing Undersigned Counsel's contact information, Defendant CMS,
on Defendant BOA's behalf, called Plaintiff Wolhuter's Cellular Telephone
approximately two (2) times per week, from March 2013 to the present, in its attempts to
collect the Debt.

68.     Further, despite having knowledge of the Foreclosure Case, actual
knowledge of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to
the Debt, and possessing Undersigned Counsel's contact information, Defendant CMS,
on Defendant BOA's behalf, called Plaintiff Wolhuter's mother in an attempt to collect
the Debt from Plaintiff Wolhuter.

69.     The above-referenced collection attempts by Defendant CMS constituted
an indirect attempt by Defendant BOA to collect the Debt directly from Plaintiff
Wolhuter.

70.     As a direct and proximate result of Defendants' actions, Plaintiff Wolhuter

has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)**

Plaintiffs re-allege paragraphs one (1) through fifty-five (55) as if fully restated herein and further state as follows:

71.     Defendant CMS is subject to, and has violated the provisions of, 15 United States Code, Section 1692c(a)(2) by communicating with Plaintiff Wolhuter despite Defendant having actual knowledge that Plaintiff Wolhuter was represented by Undersigned Counsel and knowledge of Undersigned Counsel's contact information.

72.     Specifically, despite having knowledge of the Foreclosure Case, actual knowledge of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to the Debt, and possessing Undersigned Counsel's contact information, Defendant CMS sent *at least* five (5) individual mortgage statements in its attempts to collect the Debt.

73.     Additionally, despite having knowledge of the Foreclosure Case, actual knowledge of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to the Debt, and possessing Undersigned Counsel's contact information, Defendant CMS called Plaintiff Wolhuter's Cellular Telephone approximately two (2) times per week, from March 2013 to the present, in its attempts to collect the Debt.

74.     Further, despite having knowledge of the Foreclosure Case, actual knowledge of Undersigned Counsel's representation of Plaintiff Wolhuter with regard to the Debt, and possessing Undersigned Counsel's contact information, Defendant CMS called Plaintiff Wolhuter's mother in an attempt to collect the Debt from Plaintiff Wolhuter.

75.     As a direct and proximate result of Defendant CMS's actions, Plaintiff

12

Wolhuter has sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT FOUR:**
**TELEPHONE COMMUNICATIONS PROTECTION ACT-**
**NEGLIGENT VIOLATION OF 47 UNITED STATES CODE, SECTION**
**227(b)(1)(A)**

Plaintiffs re-allege paragraphs one (1) through fifty-five (55) as if fully restated herein and further state as follows:

76.     Defendants are each subject to, and have violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS or an APV to call a telephone number assigned to a cellular telephone service without Plaintiff Wolhuter's prior express consent.

77.     Specifically, starting in about March 2013 to the present, Defendant CMS, itself and on behalf of Defendant BOA, called Plaintiff Wolhuter's Cellular Telephone approximately two (2) times per week using an ATDS or APV, in its attempts to collect the Debt.

78.     As such, Defendant CMS placed *at least* eighty-eight (88) separate and individual telephone calls to Plaintiff Wolhuter's Cellular Telephone and therefore implicate on-behalf-of liability by Defendant BOA.

79.     The above-referenced calls by Defendant CMS were placed on Defendant BOA's behalf, with Defendant BOA's knowledge, consent, and approval; such calls constitute an indirect attempt by Defendant BOA to collect the Debt directly from Plaintiff Wolhuter.

80.     Further, at no time did Defendants have Plaintiff Wolhuter's prior express consent to call her Cellular Telephone using an ATDS or APV.

81.     As a direct and proximate result of Defendants' conduct, Plaintiff

13

Wolhuter has suffered:

      a.     The periodic loss of her Cellular Telephone service;

      b.     Lost material costs associated with the use of peak time Cellular Telephone    minutes allotted under her Cellular Telephone service contract;

      c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

      d.     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

      e.     Statutory damages.

### COUNT FIVE:
### TELEPHONE CONSUMER PROTECTION ACT-
### WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through fifty-five (55) as if fully restated herein and further state as follows:

82.     The conduct of the Defendants, complained of herein, is the result of repeated willful and knowing violations of the TCPA.

83.     More specifically, as prior express consent never existed—or was revoked by operation of law—prior to Defendants' placement of calls to Plaintiff Wolhuter's Cellular Telephone, and Defendants are fully aware of the TCPA and its restrictions, Defendants' calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

84.     Defendants also know that they did not, and have not, reached out to Plaintiff Wolhuter to independently obtain Plaintiff Wolhuter's prior *express* consent-oral, written, or otherwise–to call Plaintiff Wolhuter's Cellular Telephones using an

ATDS, PTDS and/or an APV.

85.     Defendants are fully aware of the TCPA and its restrictions and, as such, Defendants' calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

86.     As a result of Defendants' knowing and/or willful violations of the TCPA, Plaintiff Wolhuter is entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation, as alleged above, pursuant to 47 United States Code, Section 227(b)(3)(B) and 47 United States Code, Section 227 (b)(3)(C).

87.     Plaintiff Wolhuter is also entitled to, and seeks, injunctive relief enjoining Defendants from further violations of the TCPA.

88.     Given Defendants' conduct, and their apparent intention and ability to continue to unlawfully auto-dial collect the Debt directly from Plaintiff Wolhuter in violation of the TCPA, Plaintiff Wolhuter has no adequate remedy at law and will suffer irreparable injury unless Defendants are immediately enjoined from continuing to place such calls to Plaintiff Wolhuter.  Plaintiff Wolhuter needs and is entitled to injunctive relief.

## COUNT SIX:
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs re-allege paragraphs one (1) through fifty-five (55) as if fully restated herein and further state as follows:

89.     Unless the Defendants are immediately enjoined from continuing to attempt to collect the Debt directly from Plaintiff Wolhuter, Plaintiff Wolhuter will suffer irreparable injury.

90.    Plaintiff Wolhuter has a clear legal right to the protections of the FCCPA, FDCPA, and TCPA.

91.    Given Defendants' conduct and their apparent intention and ability to continue to collect the Debt directly from Plaintiff Wolhuter in violation of said debt collection laws, Plaintiff Wolhuter has no adequate remedy at law.  Plaintiff Wolhuter needs and is entitled to injunctive relief.

92.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiff Wolhuter and will have no adverse effect on the public welfare.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully requests against Defendants an entry of:

a)    Judgment against Defendants declaring that Defendants violated the FCCPA and the TCPA.

b)    Judgment against Defendants for maximum statutory damages under the FCCPA for violations committed by Defendants;

c)    Judgment against Defendants for statutory damages in the amount of $500.00 for each of Defendant CMS's Cellular Telephone calls that violated the TCPA;

d)    Judgment against Defendant CMS for treble damages in the amount of $1,500.00 for each of Defendant CMS's Cellular Telephone call that violated the TCPA for which Defendant CMS acted knowingly and/or willfully;

e)    Judgment against Defendants enjoining Defendants from further engaging in the conduct that violates the FCCPA and the TCPA;

f)      Judgment against Defendants for actual damages sustained in an amount

to be determined at trial;

g)      An award of attorney's fees and costs; and

h)      Any other such relief the Court may deem proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby gives notice to Defendants and demands that Defendants and

their affiliates safeguard all relevant evidence—paper or electronic documents or data—

pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
**G. Tyler Bannon, Esq., FBN 0105718**
**Gregory H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiffs*

17